# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| CHARITA HEARD,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>TRIDENT ASSET MANAGEMENT, LLC,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, CHARITA HEARD, BY AND THROUGH COUNSEL, Daniel Brennan, and for her Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the city of Lagrange, Troup County, Georgia.

3. Venue is proper in the Northern District of Georgia, Newnan Division.

## PARTIES

4. Plaintiff is a natural person residing in the city of Lagrange, Troup County, Georgia.

5. The Defendant to this lawsuit is Trident Asset Management, LLC ("Defendant") which is a domestic limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer-type debt allegedly owed by Plaintiff to a third party in the amount of $842.00 (the "collection item").

7. Defendant is reporting the collection item with a dispute comment on Plaintiffs' credit disclosure.

8. Plaintiff no longer dispute the collection item.

9. On January 31, 2022, Plaintiff obtained her Equifax credit disclosure and noticed Defendant reporting the collection item.

10. On or about March 28, 2022, Credit Repair Lawyers of America on behalf of Plaintiffs, sent Defendant a letter informing Defendant that the collection item is inaccurate and asked Defendant to remove the dispute comment from the collection item.

11. Defendant received Plaintiff's letter on April 1, 2022.

12. On May 3, 2022, Plaintiff obtained her Equifax credit disclosure, which showed that Defendant last reported the collection item reflected by the Equifax credit disclosure on April 27, 2022, and failed or refused to remove the dispute comment from the collection item, in violation of the FDCPA.
13. Defendant's failure to remove the inaccurate dispute remark makes the tradeline false and misleading to any user of the credit reports. It also damages Plaintiff by preventing her from obtaining any mortgage loan or refinancing of the same, as no conventional lender will grant a mortgage based on any credit reports that have any tradeline reported as disputed. Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failure to remove the dispute comment.
14. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.
15. Defendant had more than ample time to instruct Equifax to remove the dispute comment from the collection item.
16. Defendant's inaction to remove the dispute comment from the collection item was either negligent or willful.
17. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to Defendant's failure to properly report the collection item.

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff reincorporate the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

20. Plaintiff is a "consumers" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged Debt violated 15 U.S.C. §1692e:

    a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute notation after being informed of the inaccuracy; and

    b. 15 U.S.C. §1692e(8) reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

23. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be

protected against on behalf of a consumer, such as the Plaintiff, by Congress.

22. Defendant's failure to remove the erroneous dispute notation from its collection item on Plaintiff's consumer credit file is annoying, humiliating, and embarrassing to the Plaintiff as it creates a false impression regarding her creditworthiness.

23. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has suffered from stress resulting in crying spells, loss of sleep, loss of hair, fighting with spouse.  In addition, Plaintiff continues to suffer from anxiety, embarrassment, humiliation, and stress from Defendant's violations of the FDCPA.

24. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

    a. Actual damages;

b.  Statutory damages;

c.  Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demand a trial by Jury.

DATED:  May 17, 2022

By: */s/ Daniel Brennan*
Daniel Brennan
Bar Number 271142
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com
*Attorneys for Plaintiffs,*
*Charita Heard*
